# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2962EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | On Appeal from the United States |
| | * | District Court for the |
| Gloria Rodriguez-Ochoa; Rosa | * | Eastern District of Arkansas. |
| Martinez-Simental, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: February 4, 1999

Filed: February 24, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges

_____

RICHARD S. ARNOLD, Circuit Judge.

Gloria Rodriguez-Ochoa and Rosa Martinez-Simental appeal the sentences imposed by the District Court[1] following their guilty pleas to possession of a controlled substance with intent to deliver, in violation of 21 U.S.C. § 841(a)(1).

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

According to Ms. Rodriguez-Ochoa's presentence report, she was the driver and Martinez-Simental was a passenger in a vehicle stopped for speeding; a consensual search of the vehicle revealed 11.41 kilograms of methamphetamine. Before sentencing, defendants jointly moved for a downward departure under U.S. Sentencing Guidelines Manual § 5K2.0, p.s. (1998), based on their claim that they mistakenly believed that they were transporting marijuana, not methamphetamine. At the sentencing hearing, the District Court denied the motion; sentenced Ms. Rodriguez-Ochoa to 10 years imprisonment, the statutory minimum, followed by 5 years supervised release; and sentenced Ms. Martinez-Simental to 5 years and 10 months imprisonment followed by 5 years supervised release. The shorter sentence was imposed on Ms. Martinez-Simental because she had no criminal history and therefore qualified for a "safety valve" reduction in sentence. See U.S.S.G. § 5C1.2.

On appeal, defendants argue that the Guidelines did not contemplate a mistake of fact such as theirs, and thus it should be the basis for a downward departure under section 5K2.0. We disagree. The Sentencing Commission explicitly considered the effect of a drug defendant's mistake of fact on his or her sentencing accountability. See U.S. Sentencing Guidelines Manual § 1B1.3, comment. (n.2(a)(1)) (1998). The District Court correctly concluded here that it could not depart on that basis. The crime to which defendants pleaded guilty was a violation of 21 U.S.C. § 841(a)(1), possessing a controlled substance (<u>any</u> controlled substance) with the intent to distribute it. The nature of the controlled substance becomes relevant only as a sentencing factor. See 21 U.S.C. § 841(b)(1)(A)(viii) (mandatory minimum of ten years for certain quantities of methamphetamine). <u>Cf.</u> <u>United States v. Strange</u>, 102 F.3d 356, 359-61 (8th Cir. 1996) (irrelevant that defendants thought they were transporting marijuana instead of cocaine).

As the District Court said, there is a sense in which the sentence can be described as unfair. But "it is certainly within the province of Congress to resolve

that there is some deterrent value in exposing a drug trafficker to liability for the full consequences, both expected and unexpected, of his own unlawful behavior." Id. at 361.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.